IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTINE M. LUCAS                  :

   v.                               :   Civil Action No. DKC 11-0161

BIERMAN, GEESING, WARD, LLC,        :
  et al.                            :

                                 :

**MEMORANDUM OPINION**

Presently pending and ready for review in this foreclosure case is a motion to dismiss Plaintiff's complaint filed by Defendant Bierman, Geesing, Ward, LLC (ECF No. 5) and a motion to dismiss or abstain from or stay exercise of jurisdiction by Defendant CitiMortgage, Inc. (ECF No. 10). The issues have been fully briefed, and the court now rules, no hearing deemed necessary. Local Rule 105.6. For the following reasons, CitiMortgage, Inc.'s motion to dismiss will be granted, and Bierman, Geesing, Ward, LLC's motion to dismiss will be denied as moot.

**I. Background**

The following facts are alleged by Plaintiff or inferred from her complaint, unless otherwise indicated. Plaintiff Christine M. Lucas, a resident of Maryland, is the trustee of

the Robert Lucas, Sr. Family Trust (the "Trust").[1] The Trust includes a piece of real property (the "property") located in Montgomery County, Maryland. Plaintiff lives on this property.

Plaintiff's brother, Jonnie Lucas, Sr., is a shareholder of the Trust. At some point before September 2009, he represented himself as the sole owner of the property and took out a loan using it as collateral. The property eventually went into foreclosure. Since September 2009, Defendant Bierman, Geesing, Ward, LLC ("BGW"), a law firm in Bethesda, Maryland, has engaged in foreclosure proceedings, including "aggressively pursu[ing] sale of [the] property," on behalf of Defendant CitiMortgage, Inc. ("CitiMortgage"). (ECF No. 1, at 2).[2] In April 2010, BGW was appointed as substitute trustee. (*Id.*).

On January 19, 2011, Plaintiff, proceeding *pro se*, filed a complaint against BGW and CitiMortgage in this court. (ECF No. 1). Plaintiff makes claims of fraud and harassment against Defendants. Furthermore, Plaintiff states that Defendants "have committed unconstitutional acts against [her] by not allowing [her] peace in [her] home, by threat of an illegal eviction and an illegal sale of [her] property asset that has never been in

---

[1] Plaintiff has been the trustee since November 27, 2010.

[2] For example, BGW has "filed and paid the case closure fees" and "attempted an auction." (*Id.*).

[BGW's] real estate portfolio." (*Id.* at 2). For relief, the complaint seeks an injunction for the "Correction of Deed Property." (*Id.* at 3).[3]

On April 15, 2011, BGW filed a motion to dismiss. (ECF No. 5). Plaintiff filed an opposition on May 2, 2011. (ECF No. 8). On June 1, 2011, CitiMortgage separately filed a motion to dismiss or abstain from or stay exercise of jurisdiction. (ECF No. 10). Plaintiff filed an opposition to that motion on June 20, 2011. (ECF No. 12).

**II. Standard of Review**

BGW moves to dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject-matter jurisdiction due to lack of standing and pursuant to Rule 12(b)(6) for failure to state a claim. In addition, BGW argues that Plaintiff should not be granted leave to amend her complaint. CitiMortgage moves to dismiss the complaint pursuant to Rule 12(b)(1) because the complaint does not raise a federal question and pursuant to Rule 12(b)(6). CitiMortgage adds that, in the alternative, the court should abstain from ruling because of a related action in state court that is currently pending.

---

[3] In her opposition papers, Plaintiff also requests monetary relief of $20,000.00 against both BGW and CitiMortgage. (ECF No. 8).

3

Because jurisdiction is a prerequisite to any court ruling on the merits, Defendants' arguments pursuant to Rule 12(b)(1) will be considered first — specifically, CitiMortgage's argument that Plaintiff has failed to allege a federal question.[4] Although only CitiMortgage makes this argument, it is appropriate to apply the analysis to both Defendants because subject-matter jurisdiction "defines the court's authority to hear a given type of case; it represents the extent to which a court can rule on the conduct of persons or the status of things." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S.Ct. 1862, 1866 (2009) (internal quotation marks and citations omitted). Indeed, even if neither party had raised the issue, the district court may raise the issue of subject-matter jurisdiction *sua sponte*. *Andrus v. Charlestone Stone Prods. Co.*, 436 U.S. 604, 607 n.6 (1978).

The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). First, a complaint must allege a sufficient basis for exercise of subject matter jurisdiction.

---

[4] BGW's separate jurisdictional argument regarding Plaintiff's standing can be addressed either before or after arguments regarding subject-matter jurisdiction, as long as it is addressed before consideration of the merits. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577-78 (1999) ("[T]here is no unyielding jurisdictional hierarchy.").

Then, it is possible that the jurisdictional facts might be challenged. If so, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647.

**III. Analysis**

**A. Federal Question Jurisdiction**

A United States district court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Generally, whether any of a plaintiff's claims "arise under" federal law is determined by the application of the well-pleaded complaint rule. *Ali v. Giant Food LLC/Stop & Shop Supermarket Co.*, 595 F.Supp.2d 618, 621 (D.Md. 2009) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1983)). This rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, although the civil cover sheet accompanying Plaintiff's complaint indicates federal question jurisdiction as the jurisdictional basis, the complaint itself raises only a quiet-title claim and potentially some fraud and harassment

claims.[5] None of these causes of action implicate a federal question.

Plaintiff also alleges in conclusory fashion that Defendants have "committed unconstitutional acts" against Plaintiff. (ECF No. 1, at 2). The complaint does not specify any facts supporting this allegation nor does it even state which constitutional provisions are potentially at issue. While *pro se* plaintiffs are afforded wide latitude when it comes to the pleading requirements of Rule 8, it is not reasonable to read into the complaint claims or facts that simply are not there. *See Weller*, 901 F.2d at 391.

Accordingly, Plaintiff fails to plead facts sufficient to maintain jurisdiction under § 1331.[6]

---

[5] Plaintiff is a *pro se* litigant, and thus her pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

[6] In her brief in opposition to CitiMortgage's motion, Plaintiff asserts that by "IRS reference 34.1.1.8[] and 34.1.1.11 this Court posses[ses] Jurisdiction." (ECF No. 12, at 1). Plaintiff appears to be referring to the Internal Revenue Manual ("IRM"), which is a publication of the Internal Revenue

6

**B. Diversity Jurisdiction**

Because there is no federal question presented, jurisdiction in federal court could only be proper if the requirements for diversity of citizenship are met. Diversity jurisdiction exists where there is complete diversity of citizenship among the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. A party seeking to invoke diversity jurisdiction bears the burden of demonstrating that these requirements are present. *See Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2$^{d}$ Cir. 1998). For complete diversity to be established, none of the defendants can be a citizen of the same state as any of the plaintiffs. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).

In this case, complete diversity fails among the parties because BWG and Plaintiff are citizens of Maryland for purposes of diversity. As such, even if Plaintiff had pleaded federal jurisdiction based on diversity of citizenship, § 1332 would

---

Service ("IRS"). It governs the internal affairs of the IRS and does not have "the force and effect of law." *Dickow ex rel. Estate of Dickow v. United States*, --- F.3d ---, No. 10-2151, 2011 WL 3632933, at *7 n.8 (1st Cir. Aug. 15, 2011) (internal quotation marks omitted). In other words, the provisions of the IRM are not federal statutes or regulations. Therefore, to the extent these IRM provisions are applicable, they do not confer federal jurisdiction on this case.

have likewise failed as a basis for maintaining suit in federal district court.

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss filed by Defendant CitiMortgage, Inc. will be granted, and the motion to dismiss filed by Defendant Bierman, Geesing, Ward, LLC will be denied as moot. A separate order will follow.

                                                      /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge